## Hoopes Estate.

Submitted January 15, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, BOK, EAGEN and O'BRIEN, JJ.

*William Benner Farran* and *George O. Philips,* for appellant.

*William H. Doerr, Jr., Arthur A. Moorshead,* and *Moorshead, Potter & Doerr,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, March 13, 1962:

This appeal involves an interpretation of the following provision of testatrix's will: ". . . that the school board shall hold this fund, retaining the stock if it so desires, shall invest and re-invest the principal, and use the net income each year for $a$* scholarship to be awarded to $a$ graduating student from the Lansdowne-Aldan High School or its successor on the following basis: . . ."

The original testamentary trustee awarded the total net income available June 30, 1958 in the sum of $540.04 to Charles A. Philips. For the years 1959, 1960 and 1961 the original trustee by resolution provided that the net income in each of those years should be equally divided between 2 and 3 and 4 respective recipients. The Orphans' Court agreed with the substituted trustees that a construction of decedent's will was a matter for the Court and that its construction would prevail over any construction by a trustee. The

---

\* Italics ours.

Court then correctly concluded that it was the testatrix's intention, as expressed in her will, that the annual scholarship award shall consist of the net income for that year and that amount should be paid to the award recipient for that year.

The order is affirmed on the memorandum opinion of President Judge VAN RODEN; each party to pay their respective costs.